**Sonia Kumar IDNANI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71450.

Agency No. A70–781–705.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 1, 2004.*

Decided Sept. 24, 2004.

Curtis F. Pierce, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, M. Jocelyn Wright, Ernesto H. Molina, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before REINHARDT, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM**

Sonia Kumar Idnani, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming without opinion the decision of an Immigration Judge ("IJ") denying Idnani's applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition for review.

█ Substantial evidence supports the IJ's finding that Idnani failed to establish

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

past persecution. In both her written asylum application and her own testimony, Idnani states that she has never been mistreated, harassed or harmed on account of her race, religion, nationality, political opinion or membership in a particular social group. Moreover, Idnani's claim of past persecution by the Indian government due to its alleged failure to preserve the Sindhi culture fails because the record establishes that the decline of the Sindhi culture is attributable to historical assimilation by Sindhis in Indian culture, rather than any official government policy aimed at repression of Sindhis.

Substantial evidence also supports the IJ's finding that Idnani failed to establish a well-founded fear of future persecution. Idnani's claim that her distant familial connection to India's Home Minister will somehow subject her to persecution from her Muslim neighbors is vague and unsupported by the record. Moreover, the vast majority of India is populated by Hindus, not Muslims. Therefore, her fear is not objectively reasonable. *See INS v. Cardoza–Fonseca,* 480 U.S. 421, 430–31, 440, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) (alien's fear must be both subjectively genuine and objectively reasonable).

Finally, Idnani's contention that the BIA's streamlining procedures violate her due process rights is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003) (holding that the BIA's streamlining procedure does not violate an alien's due process rights).

Petition for review DENIED.